IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                       No. CR 10-3452 JB

DAJUAN CORTEZ MARCELLUS,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Defendant's Sentencing Memorandum, filed July 10, 2012 (Doc. 76); and (ii) the United States' Sentencing Memorandum, filed July 16, 2012 (Doc. 78)("USA Sentencing Memorandum"). The Court held a sentencing hearing on July 18, 2012. The primary issues are: (i) whether the Court should apply a downward departure to Defendant Dajuan Cortez Marcellus' offense level under U.S.S.G. § 5H1.3 for mental and emotional condition; (ii) whether the Court should apply a downward departure to Marcellus' offense level under U.S.S.G. § 5K2.13 for significantly reduced mental capacity; (iii) whether the Court should apply a downward departure to Marcellus' offense level under U.S.S.G. § 5K2.0 for a combination of circumstances; and (iv) whether the Court should vary downward from the advisory guideline range on Marcellus' sentence. For the reasons stated on the record at the hearing, the Court will not downwardly depart under any of the requested guideline sections. On the other hand, the Court believes that a downward variance is necessary to arrive at a sentence which best reflects the factors in 18 U.S.C. § 3553(a). The Court will vary downward to a sentence of 24-months imprisonment.

Marcellus, pursuant to a Plea Agreement, filed March 8, 2012 (Doc. 68)("Plea Agreement"), pled guilty to the Indictment, filed December 28, 2010 (Doc. 8), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c), that being Distribution of Oxycodone. Under the terms of the Plea Agreement, the parties stipulated that Marcellus was entitled to a reduction of three levels from the base level for the offense because of a clearly demonstrated recognition and affirmative acceptance of personal responsibility for Marcellus' criminal conduct pursuant to U.S.S.G. § 3E1.1. See Plea Agreement ¶ 9, at 4.

The United States Probation Office ("USPO") issued the Presentence Investigative Report for Marcellus on May 3, 2012 ("PSR"). In the PSR, the USPO calculates Marcellus' total offense level to be 23. See PSR ¶ 34, at 9. The PSR applies a base offense level of 26 pursuant to U.S.S.G. § 2D1.1 because of Marcellus being responsible for 24 grams of Oxycodone. See PSR ¶ 27, at 8. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Marcellus' acceptance of responsibility. See PSR ¶ 33, at 9. The PSR lists his criminal history category as II, based on 3 criminal history points. See PSR ¶ 38, at 10. The PSR calculates that an offense level of 23 and a criminal history category of II results in a guideline imprisonment range of 51 to 63 months. See PSR ¶ 72, at 18.

On July 10, 2012, Marcellus filed his Sentencing Memorandum. See Doc. 76. Marcellus requests departures under three different guidelines: (i) U.S.S.G. § 5H1.3; (ii) U.S.S.G. § 5K2.13; and (iii) U.S.S.G. § 5K2.0. See Defendant's Sentencing Memorandum at 9-14. In addition to or in place of a downward departure, Mr. Marcellus requests the court to grant him a variance. Plaintiff United States of America filed its Sentencing Memorandum on July 16, 2012, asserting that neither a departure nor a variance from the Guidelines range is appropriate, as "[e]xamination of the [18 U.S.C.] § 3553(a) factors . . . shows that a Guidelines sentence is warranted here." United States'

Sentencing Memorandum at 13 (Doc 78).

The Court held a sentencing hearing on July 18, 2012. At the sentencing hearing, the parties agreed to the Court's three-level reduction to Marcellus' offense level for acceptance of responsibility. See Transcript of Hearing at 3:4-3:11 (taken July 18, 2012)(Court, Meyers, Khalsa)("Tr.").[1] Mr. Marcellus requested that the Court depart downward to a time served sentence of "19 months, 11 days, to be followed by a term of community confinement with electronic monitoring . . .." Tr. at 26:15-26:18 (Khalsa). Marcellus' request was not a guideline sentence, but was substantially below the applicable guideline imprisonment range of 51 to 63 months. See PSR ¶ 72, at 18.

The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 23 and a criminal history category of II produces a guideline sentence of 51 to 63 months. The Court has carefully considered the parties' arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that the punishment that the guidelines set forth is not appropriate for Marcellus' offense. The Court believes that a sentence of 24-months adequately reflects the seriousness of the crime and takes into consideration Marcellus' circumstances.

The Court has identified factors in this case weighing both in favor and against varying downward from the guidelines. The factors that the Court finds weigh in favor of a downward variance in this case are: (i) since a young age, Marcellus has suffered from mental health issues,

---

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

and he has been diagnosed with multiple mental health diseases; (ii) these mental health issues resulted in a mental break down very close to the time of the commission of the offense in this case; (iii) Marcellus had some diminished mental capacity at the time of the crime; (iv) the federal offense here did not involve violence, and Marcellus' criminal history is neither lengthy nor violent; (v) Marcellus has a history of physical injuries that contributed to drug dependency; (vi) Marcellus was subject to a lack of guidance as a youth; (vii) the extreme hardships that Marcellus suffered as a youth because of a very difficult childhood and adolescence, coupled with a significant number of losses as a result of deaths; (viii) Marcellus is only twenty-two years old and does not have an extensive criminal history; and (ix) Marcellus would benefit from training and care, and appears to have a support structure to provide him with that help once out of incarceration.

The factors that weigh against a downward variance in this case are: (i) the seriousness of the offense of shipping, via common carrier, oxycodone across state lines; (ii) that Marcellus employed a sophisticated means to receive payment for the shipment of the drugs; (iii) Mr. Marcellus has a prior felony conviction for drugs that was close in time to this offense; and (iv) although Marcellus' mental capacity was diminished, it was not so severe that the Court believes he would not have committed the crime but for the mental health issues.

Upon considering these factors, the Court has found that the circumstances here weigh in favor of a variance from the sentencing guidelines to arrive at a sentence which adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While no single factor is so substantial or extraordinary to justify a downward departure, and while the case is not so extraordinary that it falls outside the heartland of cases that the Court,

this District, and the nation's federal courts see, the factors favoring a variance counsel for a variance of about seven levels, which gives a range of 24 to 30 months. With good time, a sentence of 24 months is approximately 21 and a half months. The Court is always reluctant to sentence to a time-served sentence, for fear that such a day in sentencing could send the wrong message to a defendant who is about to be placed on supervised release, here for three years.

While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Marcellus to 24-months imprisonment.

**IT IS ORDERED** that the requests in the Defendant's Sentencing Memorandum, filed July 10, 2012 (Doc. 76), are granted in part and denied in part. The Court will deny the requests in the Defendant's Sentencing Memorandum for a downward departure. The Court will vary downward to a sentence of 24-months imprisonment. The Court sentences Defendant Dajuan Cortez Marcellus to 24-months imprisonment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Joel R. Meyers
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*


Kirtan K Khalsa
Khalsa Law Office
Albuquerque, New Mexico

    *Attorney for the Defendant*