# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Dajuan Cortez Marcellus** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:10CR03452-001JB**<br>USM Number: **45281-039**<br>Defense Attorney: **Kirtan Khalsa, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **4 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(a)(1) and (b)(1)(C) | Distribution of Oxycodone | 06/18/2010 | 4 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **s 1 through 3** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 18, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**September 5, 2012**
Date Signed

Defendant: **Dajuan Cortez Marcellus**
Case Number: **1:10CR03452-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **24 months**.

**The Court incorporates by reference its Memorandum Opinion and Order, filed September 5, 2012 (Doc. 85)("MOO"). Defendant Dajuan Cortez Marcellus, pursuant to a Plea Agreement, filed March 8, 2012 (Doc. 68) ("Plea Agreement"), pled guilty to Count V of the Indictment, filed December 28, 2010 (Doc. 8), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being Distribution of 24 grams of Oxycodone. Under the terms of the Plea Agreement, the parties agree to a 3-level reduction on Marcellus` offense level "so long as the Defendant continues to accept responsibility for the Defendant`s criminal conduct." Plea Agreement ¶ 9, at 4. Pursuant to the Plea Agreement, Marcellus waived his right to appeal the conviction and any sentence that the Court imposes at or under the maximum statutory penalty. See Plea Agreement ¶ 12, at 6.**

**The United States Probation Office ("USPO") issued the Presentence Investigative Report for Marcellus on May 3, 2012 ("PSR"). In the PSR, the USPO calculates Marcellus` total offense level to be 23. See PSR ¶ 34, at 9. The PSR applies a base offense level of 26 pursuant to U.S.S.G. § 2D1.1 based on Marcellus being responsible for 24 grams of Oxycodone. See PSR ¶ 27, at 8. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Marcellus` acceptance of responsibility. See PSR ¶ 33, at 9. The PSR lists his criminal history category as II, based on 3 criminal history points. See PSR ¶ 38, at 10. The PSR calculates that an offense level of 23 and a criminal history category of II results in a guideline imprisonment range of 51 to 63 months. See PSR ¶ 72, at 18. There being no disputes about the PSR`s factual findings, the Court adopts them as its own.**

**In Defendant Dajuan Marcellus` Sentencing Memorandum, filed July 10, 2012 (Doc. 76), he asks the Court for downward departures under three different guidelines: (i) U.S.S.G. § 5H1.3; (ii) U.S.S.G. § 5K2.13; and (iii) U.S.S.G. § 5K2.0. See Defendant`s Sentencing Memorandum at 9-1 4 (Doc. 76). Plaintiff United States of America filed its Sentencing Memorandum on July 16, 2012 (Doc. 78), asserting that neither a departure nor a variance from the Guidelines range is appropriate, as "[e]xamination of the [18 U.S.C.] § 3553(a) factors . . . shows that a Guidelines sentence is warranted here." United States` Sentencing Memorandum at 13.**

**At the sentencing hearing on July 18, 2012, the parties agreed to the Court reducing Marcellus` offense level 3-levels pursuant to U.S.S.G. § 3E1.1. Marcellus asked the Court for a downward departure from the sentencing guidelines to a "19 month, 11 days" sentence, as a time served sentence. MOO at 3. In its MOO, the Court denied Marcellus` requests for a downward departure under U.S.S.G. § 5H1.3, U.S.S.G. § 5K2.13, and U.S.S.G. § 5K2.0. See MOO at 4-5. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 26 and a criminal history category of II produces a guideline sentence of 51 to 63 months.**

**The Court notes that Marcellus is responsible for trafficking interstate, by common carrier, 24 grams of oxycodone. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that the punishment that the guidelines set forth is not appropriate for Marcellus` offense. The Court believes that a sentence of 24-months adequately reflects the seriousness of the crime and takes into consideration Marcellus` circumstances.**

**The Court has identified factors in this case weighing both in favor and against varying downward from the guidelines. The factors that the Court finds weigh in favor of a downward variance in this case are: (i) Marcellus has suffered from mental health issues since a young age, and he has been diagnosed with multiple mental health diseases; (ii) these mental health issues resulted in a mental break down very close to the time of the commission of the offense in this case; (iii) Marcellus had some diminished mental capacity at the time of the crime; (iv) the federal offense here did not involve violence, and Marcellus` criminal history is neither lengthy nor violent; (v) Marcellus has a history of physical injuries that contributed to drug dependency; (vi) Marcellus was subject to a lack of guidance as a youth; (vii) the extreme hardships that Marcellus suffered as a youth because of a very difficult childhood and adolescence, coupled with a significant number of losses as a result of deaths; (viii) Marcellus is only twenty-two years old and does not have an extensive criminal history; and (ix) Marcellus would benefit from training and care, and appears to have a support structure to provide him with that help once out of incarceration.**

**The factors that weigh against a downward variance in this case are: (i) the seriousness of the offense of shipping, via common**

carrier, oxycodone across state lines; (ii) that Marcellus employed a sophisticated means to receive payment for the shipment of the drugs; (iii) Marcellus has a prior felony conviction for drugs that was close in time to this offense; and (iv) although Marcellus` mental capacity was diminished, it was not so severe that the Court believes he would not have committed the crime but for the mental health issues.

Upon considering these factors, the Court finds that the circumstances here weigh in favor of a variance from the sentencing guidelines to arrive at a sentence which adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While no single factor is so substantial or extraordinary to justify a downward departure, and while the case is not so extraordinary that it falls outside the heartland of cases that the Court, this District, and the nation`s federal courts see, the factors favoring a variance counsel for a variance of about seven levels, which gives a range of 24 to 30 months. With good time, a sentence of 24 months is approximately 21 and a half months. The court is always reluctant to sentence to a time-served sentence, for fear that such a day in sentencing could send the wrong message to a defendant who is about to be placed on supervised release, here for three years.

While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Marcellus to 24 months.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court first recommends FCI Milan, Milan, Michigan, and, secondarily recommends Torrance County Detention Center, Estancia, New Mexico, if eligible.**

**Upon release from custody, the Court orders that the Defendant`s supervision be transferred to the District of Michigan United States Probation Office.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By

_____
DEPUTY UNITED STATES MARSHAL

DEPUTY UNITED STATES MARSHAL

Defendant: **Dajuan Cortez Marcellus**
Case Number: **1:10CR03452-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Dajuan Cortez Marcellus**
Case Number: **1:10CR03452-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Officer.**

Defendant: **Dajuan Cortez Marcellus**
Case Number: **1:10CR03452-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

Totals:  **Assessment**  **Fine**  **Restitution**
         **$waived**    **$0.00** **$0.00**

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☐   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.